IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMANDO GUTIERREZ, <br> K57497, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE MOLDENHAUER, <br> DR. JOHN TROST, <br> DR. STEVEN RITZ, <br> MARY ZIMMER, <br> CHRISTINE LINDSAY, <br> DR. MOHAMMED SIDDIQUI, <br> ALISA DEARMOND, <br> ANGELA CRAIN, <br> TARA RACKLEY, <br> ANGIE WALTER, <br> NICOLE MARSHALL, <br> WEXFORD HEALTH SOURCES, INC., <br> LATOYA HUGHES, <br><br> Defendants. | Case No. 23-cv-2651-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Armando Gutierrez, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center (Menard). On November 7, 2023, the Court reviewed Plaintiff's initial pro se pleading, it designated claims to proceed, and it appointed counsel for Plaintiff. Some of the claims allowed to initially proceed concerned John or Jane Doe individuals, so the parties engaged in limited

discovery to identify those individuals.[1] Plaintiff now moves to file an amended pleading to replace the Doe defendants, to add three additional defendants[2], and to supplement claims that were previously dismissed as insufficient. (Doc. 62). The Defendants have filed a response in opposition to the motion (Doc. 63), and Plaintiff has replied. For reasons explained herein, the Court will grant Plaintiff's Motion for Leave to Amend (Doc. 62) and it will allow all but two claims to proceed as pled.

Plaintiff's proposed Amended Complaint (Doc. 62) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

The facts of the Amended Complaint and original are largely consistent. In 2007 Plaintiff arrived at Menard where he began to lodge recurrent sick call requests for blood in his urine and/or pain during urination. (Doc. 62 at 9). In September of 2014 Plaintiff saw Defendant Moldenhauer who observed blood in his underwear and referred him to Defendant Dr. Trost. Dr. Trost presented Plaintiff's issue to Dr. Ritz in collegial review,

---

[1] The Doe defendants have been identified as Christine Lindsay, Tara Rackley, and Angie Walter. (Doc. 62 at 3).
[2] The additional defendants to be added by the Amended Complaint are Dr. John Trost, Dr. Stephen Ritz, and Nicole Marshall. (Doc. 62 at 3).

Dr. Ritz denied Dr. Trost's suggestion of a urology consultation, and the two instead opted for an ultrasound. The ultrasound demonstrated no issues within the bladder, and nothing further was done to diagnose Plaintiff's issues.

Plaintiff repeatedly sought help from 2014 to 2021, including visits with Defendants Tindall, Marshall, Moldenhauer, Zimmer, Rackley, Lindsay and Walter. Sometime in 2017 Plaintiff was prescribed a prostate medication which ultimately only masked his symptoms. On three occasions in 2021, Plaintiff was seen by Defendants Dearmond and Dr. Siddiqui who persisted in prescribing ineffective medication.

In July of 2021, a non-party doctor saw Plaintiff and observed blood in his underwear. She sent him for an outside urological consultation and imaging. It was then discovered that Plaintiff had a urethral stricture and an intra-abdominal mesenteric mass. Plaintiff required surgery. Ultimately, the mass was diagnosed as follicular dendritic cell carcinoma.

The Court will abandon the previous designation of Claims from document 10, and will now adopt the claims Plaintiff has designated as follows:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Defendants Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, Dearmond and Wexford for their handling of Plaintiff's medical condition from 2014-2021;**

**Claim 2:** **Eighth Amendment failure to intervene claim against Defendants Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui Dearmond and Wexford for their actions from 2014-2021;**

**Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Crain, Rackley, Walter, and Marshall for their**

|  |  |
|---|---|
|  | role in helping Plaintiff to secure needed care from 2014-2021; |
| Claim 4: | Eighth Amendment failure to intervene claim against Defendants Crain, Rackley, Walter and Marshall for their actions from 2014-2021; |
| Claim 5: | State law medical negligence claim against Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, and Dearmond; |
| Claim 6: | State law medical negligence claim against Crain, Rackley, Walter, and Marshall; |
| Claim 7: | *Respondeat superior* claim against Wexford for the acts or omissions of the Wexford providers (Moldenhauer, Trost, Ritz, Tindall, Zimmer, Siddiqui, and Dearmond); |
| Claim 8: | Claim for injunctive relief against IDOC Director Latoya Hughes. |

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

Plaintiff may proceed on Claims 1-6 against the individually named defendants— Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, Dearmond, Crain, Rackley, Walter, and Marshall. The Defendants argue in their response to the motion to amend that some or all of these claims may be barred by the statute of limitations, but as Plaintiff correctly contends in his reply, this is an affirmative defense. Defendants rely

on an exhibit extrinsic to the complaint to substantiate their argument in the form of an affidavit from a Wexford corporate officer appended to their response. This is not a procedurally appropriate way to attack this aspect of the complaint. The Court will only dismiss a claim on a statute of limitations basis at the initial § 1915A review that it appears beyond debate from the face of the pleading that the claim is untimely. Given the long-term nature of Plaintiff's quest for care, followed by a relatively recent diagnosis and surgery, the statute of limitations issue is not beyond debate, so these claims may proceed as pled subject to later proper challenges.

Next, Claim 1 seeks to reincorporate Plaintiff's previous challenges concerning Wexford. Specifically, Plaintiff now alleges that Wexford maintained the following harmful express policies, customs or practices: (1) denying or delaying appropriate medical care, including diagnostic imaging; (2) denying or delaying patients access to physicians or otherwise relying on nursing staff when a physician is required; (3) denying or delaying patient referrals to outside specialists; and (4) otherwise providing inappropriate medical care to residents of Illinois prisons. The first three allegations are sufficient to proceed. Although the fourth is questionably vague, the Court will allow the entirety of the claim to proceed for now against Wexford under a theory of *Monell* liability.

To the extent that Plaintiff intended to also include Wexford as a defendant in the failure to intervene claim, there are not sufficiently detailed allegations about Wexford's specific actions in this respect to distinguish this from a supervisory liability claim. Thus, Claim 2 against Wexford itself is insufficient to proceed.

Claims 5 and 6 premised on state law may proceed as pled under the Court's supplemental jurisdiction against the individual defendants.

In Claim 7 Plaintiff expresses a desire to present a *respondeat superior* claim against Wexford premised on the suggestions in the *Shields v. Illinois Dept. of Corr.* case that such a theory might be appropriate even if not permitted under controlling law. 746 F.3d 782 (7th Cir. 2014). The claim is still foreclosed under controlling precedent, so this Court will not allow it to proceed. However, given that appointed counsel stepped into this case and drafted an entirely new pleading to assist Plaintiff to best present his claims, it was not inappropriate that he re-presents this claim for the purpose of preserving it for a later appeal. Accordingly, Claim 7 is dismissed as not viable under controlling precedent.

Finally, in Claim 8 Plaintiff included Latoya Hughes, the current Director of IDOC, solely for the implementation of possible injunctive relief. He alleges that he has continued to receive improper care such as follow-up appointments, or the use of medically appropriate restraints. (Doc. 62 at 20). Whatever merit these contentions may have, Plaintiff is now housed at Pinckneyville, and the underlying claims concern medical care at Menard prior to diagnosis of his condition. The Court will not entertain a generic claim for injunctive relief that is not targeted at any of the named defendants, and instead focuses on current medical providers who are not subject to this lawsuit. Additionally, the more appropriate defendant for a medical injunctive relief claim is generally the prison's Warden, because that individual has more direct control over the daily operations of the facility. There is no suggestion here that Hughes has any direct knowledge of Plaintiff's condition or needs, or that she would be the appropriate person

to implement any such relief.  As such, Claim 8 is dismissed without prejudice, and Hughes shall be terminated.

## Disposition

Plaintiff's Motion for Leave to Amend (Doc. 62) is **GRANTED**.  The Clerk of Court is **DIRECTED** to **ADD** Defendants Dr. John Trost, Dr. Stephen Ritz, Christine Lindsay, Tara Rackley, Angie Walter, Nicole Marshall, and Wexford Health Sources, Inc., as defendants because Claims shall proceed against these defendants.

Now that leave to amend has been granted, Plaintiff's Counsel is **DIRECTED** to properly file the Amended Pleading (Doc. 62 at 4-21) as required by Local Rule 15.1(a)(3).

**IT IS HEREBY ORDERED THAT Claim 1** survives initial review against Defendants Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, Dearmond and Wexford, **Claim 2** survives against Defendants Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, Dearmond, **Claims 3 and 4** survive against Defendants Crain, Rackley, Walter and Marshall, and **Claims 5 and 6** survive against Defendants Moldenhauer, Trost, Ritz, Tindall, Zimmer, Lindsay, Siddiqui, Dearmond, Crain, Rackley, Walter and Marshal.  By contrast, **Claim 2** against Defendant Wexford is dismissed without prejudice as insufficiently pled, and **Claim 7** is dismissed against Wexford as unsupported under controlling precedent.  **Claim 8** is dismissed without prejudice, and Defendant Latoya Hughes is also dismissed.

The Clerk of Court is **DIRECTED** to prepare for Defendants Christine Lindsay, Tara Rackley, Angie Walter, Dr. John Trost, Dr. Stephen Ritz, Nicole Marshall and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive

Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 62), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

Dated: November 1, 2024

_____
DAVID W. DUGAN
United States District Judge
